UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-04156-AB-MAR | Date: | July 28, 2026 |

| Title: | *Valeriia Borisova v. Markwayne Mullin et al.* |

Present: The Honorable    **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:    [In Chambers] ORDER <u>DENYING</u> EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. No. 4]**

On July 24, 2026 Petitioner Valeriia Borisova ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an *ex parte* Application for Temporary Restraining Order ("TRO Appl.," Dkt. No. 4). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") and seeks a TRO ordering her immediate release, among other relief. *See* TRO App.

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of § 2241 immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. *See* Dkt. No. 7. The General Order establishes an accelerated briefing schedule along with procedures for immediate service and prompt adjudication of the petition in its entirety.

In light of this governing structure, Petitioner cannot demonstrate the requisite basis for emergency relief under *Winter v. Natural Resources Defense*

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

1

*Council*, because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Thus, the Court concludes that Petitioner is not entitled to *ex parte* relief.

Accordingly, and because the expedited procedures established by General Order 26-05 provide for prompt resolution of the Petition itself, the *ex parte* Application for Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED**.